IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,149-01






EX PARTE ANDREW GARCIA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 14,245-A IN THE 35
TH DISTRICT COURT


FROM BROWN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
sentenced to eight years' imprisonment. He did not appeal his conviction.

 Applicant contends, among other things, that he was not permitted to defend himself at a
parole revocation hearing. The trial court ordered the Board of Pardons and Paroles to submit an
affidavit in response to Applicant's claim. But as the trial court noted in its findings, no affidavit was
submitted. We believe that the Board of Pardons and Paroles should respond to Applicant's claim.

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.
The trial court shall, accordingly, order the Board of Pardons and Paroles to file an affidavit in
response to Applicant's claim. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make findings as to the reasons Applicant's parole was revoked.
The trial shall specifically make findings as to whether Applicant was provided an opportunity to
defend himself at his parole revocation hearing. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 18, 2007

Do not publish